*Fee Pd $250*
*Rec# 2932*
*Sum w*
*1535*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

DANNY LEE MITCHELL,                              CIVIL ACTION No.

    Plaintiff

    v.

AXCAN SCANDIPHARM, INC., a corporation          05-0243

    Defendant.


## **COMPLAINT**


Jury Trial Demanded                    John G. Burt, Esquire
                                       Suite 810 Arrott Building
                                       401 Wood Street
                                       Pittsburgh, PA 15222
                                       412-391-8235
                                       PA ID #69507

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

DANNY LEE MITCHELL,                    CIVIL ACTION No.

    Plaintiff,

                               05 - 0 2 4 3

    v.                                Jury Trial Demanded

AXCAN SCANDIPHARM, INC.,
a corporation,

    Defendant.

## COMPLAINT

### 1. PRELIMINARY STATEMENT

    This is an action for wage loss, compensatory and punitive damages, as well as declaratory and injunctive relief, costs and attorney fees brought by the plaintiff, Danny Lee Mitchell to seek redress for discrimination because of sex and disability suffered by her in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Specifically, plaintiff alleges that she was unjustly terminated from her employment when she announced her intention to transition from male to female.

### II. JURISDICTION

    Jurisdiction is founded upon 28 U.S.C. § 1331, 1337, 1343, 1367; 42 U.S.C. § 2000e-5(f)(3), as well as 28 U.S.C. § 2201 and 2202. The jurisdiction of the Court is invoked under the doctrine of supplemental jurisdiction, for the claims brought under the aforementioned

-1-

Pennsylvania Human Relations Act. All unlawful practices alleged below were committed within the Western District of Pennsylvania.

Plaintiff was discharged from her employment on or about January 12, 2004. She filed a timely charge with the Equal Employment Opportunity Commission.

On or about November 27, 2004, she received from the Equal Employment Opportunity Commission a notice of dismissal with appropriate notice of her legal rights.

### III. PARTIES

1. Plaintiff, Danny Lee Mitchell, is a white transgender female, 38 years of age, who resides at 52 Laurel Avenue, Washington, PA 15301, which is situate in the Western District of Pennsylvania.

2. Axcan Scandipharm, Inc. is a Delaware corporation with principal office and place of business at 22 Inverness Center Parkway, Birmingham, Alabama 35242.

3. At all times relevant to the claims for relief presented herein defendant Axcan was an employer subject to and within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

4. Axcan does business internationally, nationally and within the counties of Western Pennsylvania including but not limited to Allegheny, Washington, Erie, Westmoreland, Jefferson and Fayette Counties, all of which are situate within the jurisdiction of this court.

5. Plaintiff began employment with defendant Axcan on or about February 14, 1999. Plaintiff's job title was Sales Representative.

-2-

6.  Plaintiff suffers from a gender identity disorder, ("GID"), a medical problem recognized and diagnosed by the American Psychiatric Association in the *Diagnostic and Statistical Manual of Mental Disorders*, 4th edition.

7.  The recommended treatment for gender identity disorder may include the use of hormones, cross dressing in clothing of the gender identity which the individual rightly feels is that person's own appropriate identity, and sex reassignment surgery.

8.  In Europe and North America most physicians today who treat gender identity disorder follow the guidelines established by the Harry Benjamin International Gender Dysphoria Association (hereinafter "HBIGDA"). The HBIGDA guidelines require that a person have one year of real life experience in the gender presentation to which they wish to transition before they undergo sex reassignment surgery.

9.  The plaintiff's physical gender is male; however, the plaintiff's brain gender is female. Plaintiff is one of those individuals referred to in the medical community as a transsexual.

10.  Plaintiff has been under medical treatment for gender identity disorder, has been approved for the use of hormones, and is a candidate for sex reassignment surgery.

11.  Plaintiff successfully performed the position of Sales Representative for the employer defendant Axcan.

12.  In the fall of 2003, plaintiff determined to begin required real life experience as mandated by the HBIGDA guidelines, presenting as a female as a prerequisite to sex reassignment surgery.

-3-

13. Plaintiff indicated her intent to numerous clients, none of whom indicated an unwillingness to continue to do business with the plaintiff and plaintiff's company, defendant Axcan.

14. Plaintiff began the process of legally changing her name from Daniel Mitchell to Danny Lee Mitchell.

15. In the fall of 2003 plaintiff began to present at work as a female.

16. From the period of November 12, 2003 through and including December 15, 2003 plaintiff was subject to harassment by the employer defendant Axcan as a result of her sex and disability.

17. Defendant employer Axcan discharged the plaintiff on or about January 12, 2004, alleging willful misconduct.

18. When plaintiff subsequently applied for unemployment compensation benefits from the Commonwealth of Pennsylvania, she was approved for benefits.

19. On or about March 1, 2004 plaintiff contacted defendant EEOC to file a complaint about the employer defendant.

20. Plaintiff completed a general information questionnaire and other forms as requested by the EEOC and filed them with the EEOC

21. On or about May 28, 2004 plaintiff received a letter from the EEOC alleging that because her claim was related to her gender identity disorder, the defendant EEOC would not proceed to conduct an investigation.

22. The EEOC subsequently agreed to review the plaintiff's complaint.

23. The EEOC issued a notice of dismissal of rights dated November 24, 2005, which plaintiff received on or about November 27, 2004.

24. Plaintiff has suffered a loss of wages of approximately $130,000.00.

25. As a result of the conduct of the defendant Axcan, plaintiff has been substantially harmed. In addition to the financial losses which the plaintiff has suffered, she has also suffered emotional distress, embarrassment and humiliation.


## COUNT I - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

26. Plaintiff incorporates by reference the averments contained in the proceeding paragraphs 1 through 25 as if fully set forth herein.

27. Defendant Axcan has intentionally and willfully engaged in a series of unlawful acts, practices, policies and procedures in employment, benefits, promotion and retention in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e.

28. During the fall of 2003, plaintiff suffered depression due to her gender identity disorder.

29. On or about October 26, 2003, the plaintiff informed John Hanna of Axcam of her GID and her depression.

30. In a meeting on or about November 12, 2003, Leonard DuFord, a supervisor of Ms Mitchell and an employee of the defendant, told Ms Mitchell the employer would increase its review of plaintiff's job performance due to her GID.

31. DuFord told Ms Mitchell to move elsewhere and find other employment during her treatment for GID and that it would be easier for Ms Mitchell and the other employees of the defendant if Ms Mitchell voluntarily left employment.

32. In a telephone conversation with Ms Mitchell, Martha Donze of the defendant employer, told Ms Mitchell to be silent with other employees about GID, to maintain a low profile among co-workers, and to stay alone and use a separate bathroom at the employer's national sales meeting.

33. Donze also told Ms Mitchell that Ms Mitchell had to keep Ms Donze apprised of her medical care and treatment.

34. On or about December 12, 2003, the plaintiff became awre that the employer was secretly checking up with Ms Mitchell's accounts about her GID.

35. On or about December 29, 2003, the plaintiff was involved in a minor motor vehicle accident while operating a company-owned vehicle. The plaintiff was not cited by local authorities for any violations of the Pennsylvania motor vehicle code or of the criminal code.

36. Other employees of the defendant have had such accidents and were not terminated by the employer.

37. On January 12, 2004, the defendant employer discharged Ms Mitchell.

38. Defendant employer's conduct created a hostile work environment.

39. Defendant employer discriminated against the plaintiff in clear violation of the Title VII of the Civil Rights Act.

-6-

40. Plaintiff has been directly harmed as a result of these violations as set forth above.

## COUNT II - VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

41. Plaintiff incorporates by reference the averments contained in paragraphs 1 through 40 as if fully set forth herein.

42. The employer defendant Axcan has intentionally and willfully engaged in a series of unlawful acts, practices, policies and procedures in employment, promotion, benefits and retention in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951.

43. Plaintiff has been directly harmed as a result of these violations as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this honorable court will

a.      Assume jurisdiction herein;

b.      Declare defendant Axcan's conduct to be unlawful and in violation of plaintiff's rights;

c.      Grant plaintiff an order requiring defendant Axcan to make her whole, providing for monitoring of the defendant's employment practices and prohibiting the defendant from allowing sex and disability discrimination to factor into its employment decisions;

d.      Award plaintiff compensatory damages, including back pay, front pay, lost fringe benefits, pension and other benefits and any other emoluments of employment, plus interest;

-7-

e.    Award plaintiff compensatory damages for emotional distress,

embarrassment and humiliation;

f.    Award plaintiff punitive damages;

g.    Award plaintiff costs and attorney's fee; and

h.    Grant such other relief as the court deems just and appropriate.

Respectfully submitted,

John G. Burt, Esq.
PA ID #69507
Suite 810 Arrott Building
401 Wood Street
Pittsburgh, PA  15222
412-391-8235

**JURY TRIAL DEMANDED**

-8-

05-0243

JS 44
(Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

Danny Lee Mitchell
52 Laurel Ave
Washington PA 15301

**DEFENDANTS**

Axcan Scandipharm Inc
22 Inverness Center Parkway
Birmingham Alabama 35242

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John G. Burt      412-591-8235
810 Parrot Bldg
441 Wood St
Pgh PA 1522?

ATTORNEYS (IF KNOWN)

Kaufman, Schneider & Bianco
390 N. Broadway
Jericho NY 11753

**II. BASIS OF JURISDICTION**   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

CIVIL RIGHTS
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**V. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of Title VII of Civil Rights Act
42 USC §2000(e)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $130,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE Lancaster
DOCKET NUMBER CA 04-1281

DATE  2/23/05

SIGNATURE OF ATTORNEY OF RECORD   PA ID 69509

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.