```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANNY LEE MITCHELL,            )
                               )
         Plaintiff,            )
                               )
      v.                       )    Civil Action No. 05-243
                               )
AXCAN SCANDIPHARM, INC.,       )    Judge Lancaster
                               )    Magistrate Judge Hay
         Defendant.            )
```

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully submitted that the Motion for Leave to File Brief Amici Curiae (doc. 14) be denied.

### REPORT

According to the complaint filed in this action, Plaintiff is a "transgender female" who suffers from a "gender identity disorder." Complaint at ¶¶ 1 & 6. Defendant hired Plaintiff as a sales representative in February of 1999. Complaint at ¶ 5. Plaintiff asserts that Defendant harassed her on account of her sex and disability after she informed Defendant of her transsexualism and had begun her workplace transition from male to female. Complaint ¶¶ 15-16. Plaintiff brings her action pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, et seq., and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq.. Complaint at Preliminary Statement.

Defendant has filed a motion to dismiss, asserting that the law in the United States Court of Appeals for the Third Circuit excludes transgenders from statutory workplace protections. Hence, Defendant asserts that Plaintiff's complaint fails to state a claim upon which relief can be granted as a matter of law. See Defendant's Memorandum of Law in Support of Motion to Dismiss (Doc. 7).

In response to Defendant's motion to dismiss, Plaintiff filed an extensive brief in opposition, discussing, inter alia, transgender issues, including treatment of gender identity disorders and sex reassignment surgery, together with Plaintiff's arguments and legal precedent. See Doc. 11.

Presently before the Court is the Motion for Leave to File Brief Amici Curiae submitted by the Women's Law Project (WLP) and Lambda Legal Defense and Education Fund, Inc. (Lambda). According to their proposed brief amici curiae, the WLP is a non-profit women's legal advocacy organization and Lambda, founded in 1973, is a non-profit organization "committed to achieving full recognition of the civil rights of lesbians, gay men, bisexuals, transgender people ... through impact litigation, education and public policy work." Doc. 14-2 at p. 1. Both organizations assert that the instant case "raises issues of compelling public importance" and the organizations seek to assist the Court "by providing context for and legal authorities and analysis relevant

to, the existing legal issues underlying the Complaint."  Doc. 14-1 at ¶¶ 2-3.

As WLP and Lambda recognize, district courts have broad discretion to determine the extent and manner of participation of an amicus.  See Russell v. Bd. of Plumbing Examiners of the City of Westchester, 74 F.Supp. 2d 349, 351 (S.D.N.Y. 1999)(citing United States v. Hooker Chemicals & Plastics Corp., 749 F.2d 968, 992 (2d Cir. 1984)); Waste Management of Pennsylvania v. City of York, 162 F.R.D. 34, 36 (M.D.Pa. 1995).  As one court has observed,

> At the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure.  Accordingly, the privilege to be heard as an amicus curiae rests within the discretion of the court [which] may grant or refuse leave, according as it deems the proffered information timely and useful or otherwise.

Yip v. Pagano, 606 F.Supp. 1566, 1568 (D.N.J. 1985)(internal quotation marks and citations omitted), aff'd mem., 782 F.2d 1033 (3d Cir.), cert. denied, 476 U.S. 1141 (1986).  Generally, an amicus brief "brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties."  Fed.R.App.P. Rule 29.

A review of the able brief filed by Plaintiff's counsel in this case and of the proposed amici curiae brief reveals that the amici curiae brief brings nothing new to the Court's

3

attention. Accordingly, because the proposed brief does not appear to be "useful," Yip, 606 F.Supp. at 1568, the district court should deny the Motion for Leave to File Brief Amici Curiae.

Within ten days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:   4 October, 2005

cc:   John G. Burt, Esquire
      401 Wood Street
      Suite 810, Arrott Building
      Pittsburgh, PA 15222

      Philip R. Voluck, Esquire
      Michael V. DeSantis, Esquire
      Kaufman, Schneider & Bianco, LLP
      390 North Broadway
      Jericho, NY 11753

      Susan Frietsche, Esquire
      Women's Law Project
      425 Sixth Avenue
      Suite 1860
      Pittsburgh, PA 15219

```
Cole Thaler, Esquire
Lambda Legal Defense & Education Fund, Inc.
1447 Peachtree Street, NE
Suite 1004
Atlanta, GA 30309
```