IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY LEE MITCHELL, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-243 |
| ) | |
| AXCAN SCANDIPHARM, INC., ) | |
| Defendant. ) | |

MEMORANDUM and ORDER

This is an employment discrimination and civil rights action. Plaintiff alleges that he was discriminated against based on his sex and condition in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"). Specifically, plaintiff alleges that defendant unjustly terminated his employment when he announced his intention to transition from male to female. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Title VII provides no protection from discrimination based on transgender status. By order dated February 17, 2006, the court denied defendant's motion. Defendant has now filed a Petition for Permission to Appeal Interlocutory Order Denying Its Motion to Dismiss, (doc. No. 28). The court will construe defendant's petition as a

Motion for Certification for an Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the petition will be denied.

> Section 1292(b) provides, in pertinent part:
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.
>
> 28 U.S.C. § 1292(b).

Thus, under section 1292(b), a non-final order may only be certified for interlocutory appeal if the court determines that it: (1) involves a "controlling question of law;" (2) for which there is "substantial ground for difference of opinion;" and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974). The court is required to find that the order satisfies each of the three criteria before granting a motion for certification of an interlocutory appeal. Katz, 496 F.2d at 754. The standard is stringent. Accordingly, interlocutory appeal is available only in exceptional circumstances. Id. Further, even if the standard is met, certification is not mandatory. Rather, "permission to

appeal is wholly within the discretion of the court, even if the criteria are present." Bachowski v Usery, 545 F.2d 363, 368 (3d Cir. 1976).

This case does not present the exceptional circumstances required under Section 1292(b). The court denied defendant's motion to dismiss on the basis that the Supreme Court has clearly stated that Title VII requires that gender be irrelevant to employment decisions. Price Waterhouse v. Hopkins, 490 U.S. 228 (1998). In Price Waterhouse, a female senior manager was denied partnership in the national accounting firm in part because she was considered not "feminine enough" in dress and behavior. Price Waterhouse, 490 U.S. at 235. The Court held that such employer conduct amounted to prohibited "sex stereotyping." Id. at 251. The Court stated, "we are beyond the day when an employer could evaluate employees by assuming or insisting that they matched the stereotype associated with their group." Id.

Applying the standard set forth by the Supreme Court in Price Waterhouse, the Court of Appeals for the Third Circuit held that a plaintiff may be able to prove sex discrimination by demonstrating that, "the harasser's conduct was motivated by a belief that the victim did not conform to the stereotypes of his or her gender." Bibby v. Phila. Coca Cola Bottling Co., 260 F.3d

3

257, 262 (3d Cir. 2001); see also Smith v. City of Salem, Ohio, 378 F.3d 566, 571-72 (6th Cir. 2004) (holding that allegations by transsexual city fire department employee that he was discriminated against based upon his non-conforming behavior and appearance, which employer felt were inappropriate for a male, were actionable under Title VII); Barnes v. City of Cincinnati, 401 F.3d 729, 737 (6th Cir. 2005) (holding that transsexual plaintiff "established that he was a member of a protected class by alleging discrimination against [plaintiff] for his failure to conform to sex stereotypes"). These precepts are well established. Significantly, defendant does not identify any decisions within the Court of Appeals for the Third Circuit which support defendant's position. Rather, defendant argues that the court's opinion was in conflict with the Report and Recommendation of Magistrate Judge Hay. This is not the type of "difference of opinion" required by Section 1292(b).

Therefore, this 13th day of March, 2006, IT IS HEREBY ORDERED that defendant's Petition for Permission to Appeal Interlocutory Order Denying Its Motion to Dismiss (doc. No. 28) is DENIED.

BY THE COURT:

_____, J.

cc:    All Counsel of Record